UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MOTHERSHIP VENTURES, LLC | § | CASE NO. 17-31776 |
| | § | (Chapter 11) |
| | § | |
| Debtor | § | |

**DEBTOR'S EMERGENCY MOTION FOR PRELIMARY, INTERIM, AND FINAL USE OF CASH COLLATERAL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND ACOPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE DEBTOR WILL REQUEST THAT THE BANKRUPTCY COURT CONSIDER AND ACT ON THIS MOTION AT THE HEARING SCHEDULED FOR 3:30 P.M. ON MONDAY MARCH 27, 2017 IN COURTROOM 404 FOR THE AUTHORIZATION TO PAY PRE-PETITION EMPLOYEES.**

TO THE, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, MOTHERSHP VENTURES, LLC (hereinafter referred to as the "Debtor"), Debtor and Debtor-in-Possession, and files this Debtor's Emergency Motion For Preliminary, Interim and Final Use of Cash Collateral, pursuant to 11 U.S.C. § 363, Fed. R. Bank. P. 4001, and Local Bankr. R. 4001-1(b), and in support thereof would show this Court as follows:

## I.

### Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (D). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Debtor consents to the entry of a final order or judgment by this Court in this matter.

## II.

### Relief Requested

2. The Debtor requests preliminary and interim use of its cash collateral to pay its necessary expenses of its business in the ordinary course. The Debtor also requests, upon notice and a hearing, a final order authorizing its continued use of cash collateral.

## III.

### Reasons Why the Relief Should be Granted

3. On March 26, 2017, the Debtor filed a voluntary petition for relief under Chapter

11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business as a debtor-in-possession. No trustee or examiner has been appointed, and no official committee of unsecured creditors has yet been formed.

4. The Debtor operates (2) two restaurants by the name of Hunky Dory, a neighborhood steak house, and Bernadine's, a seafood restaurant. The Debtor has outstanding loans and lines of credit secured by assets that may constitute cash collateral with the following entities: Integrity Bank [UCC statement filed on October 1, 2014]. The lease agreements with the landlord, Victor Lupe, L.P., grants to the landlord a lien on accounts, but the landlord does not appear to have filed a UCC-1 to perfect any liens or security interests in accounts. The above entities in this paragraph are described as the "Cash Collateral Secured Creditors."

5. The Debtor has several outstanding loans and lines of credit secured by assets and equipment that do *not* appear to constitute cash collateral with the following entities: ISI Commercial Refrigeration, LLC [UCC statement filed on May 6, 2016 and September 22, 2016] and First Visual Financial [collateral - equipment]. The ISI Commercial Refrigeration UCC covers leased equipment and proceeds of the leased equipment. No lien or security interest has been filed for accounts or other items that might constitute cash collateral. The above entities in this paragraph are described as the "Non-Cash Collateral Secured Creditors."

6. The Cash Collateral Secured Creditors may have liens and security interests on various assets of the Debtor, including its proceeds of sales and accounts receivable. Aside from its proceeds of sales and cash from the collection of accounts receivable, the Debtor has

no other source of funds to continue to operate its business. Thus, to the extent liens and security interests constitute cash collateral, the Debtor requires an order from this Court granting it authority to use its cash on necessary operating expenses.

7. Under 11 U.S.C. §363(c)(2), a debtor may use its cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. Under 11 U.S.C. §363(c)(3), the Court must condition the debtor's use of its cash collateral as is necessary to provide adequate protection of the interest in the cash collateral claimed by a party. At a hearing on a debtor's motion for use of cash collateral, the debtor bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien.  11 U.S.C. § 363(p).

8. The Debtor requests preliminary and interim authorization to use cash collateral of the Cash Collateral Secured Creditor as set forth in the interim budget attached hereto as Exhibit A until a final order granting further use of cash Collateral can be entered. The Debtor is without sufficient funds, other than the cash collateral, to operate for fourteen (14) or more days until a final hearing on this Motion can be held. The Debtor's inability to timely pay the costs and expenses set forth herein will result in immediate and irreparable harm to the estate. Because the Debtor's request for interim authorization seeks the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, the request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

9. The interim budget itemizes the uses of cash by budgetary category and includes a list of business expenses that are reasonable and necessary and that must be paid until such

time as a final hearing on the Motion can be held. The Debtor proposes that any amounts listed in the interim budget that are unused in any week may be carried over and used by the Debtor in any subsequent week, on a line-item basis.

10. The Debtor also requests that the Court authorize it to continue to use cash collateral for the Cash Collateral Secured Creditors on a final basis as will be set forth in a final budget to be submitted to the Court in connection with a final hearing on the Motion.

11. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest." Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006).

12. The Debtor proposes to adequately protect the interest of the Cash Collateral Secured Creditors in their cash collateral in a number of ways. First, the Debtor will provide post petition liens on accounts and receivables to protect the lender(s).

13. In addition, the Debtor will provide the Cash Collateral Secured Creditors with information relating to projected revenues and expenses, actual revenue and expenses, and variances from the interim budget. This information will enable the Cash Collateral Secured

Creditor to monitor their interests in the cash collateral. Reporting of financial information is a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re Stanley Station Assocs., L.P.)*, 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate protection . . . ."); *Sumitomo Trust & Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

14. An immediate need exists for the Debtor to obtain approval of this motion which seeks authority to use cash collateral in order to pay employee salaries, food purchases, utilities, insurance and other ongoing expenses in the ordinary course of the business. The Debtor needs food supplies daily and suppliers that need to be paid on a daily basis making the cash critical each day. For example, if the Debtor cannot pay for food supplies, it cannot operate and its business will cease to exist. The Debtor's payroll must be paid on a week basis, with payroll being due March 27, 2017 and then April 3, 2017. Thus, the Debtor must have a hearing to determine its authority to use cash collateral at the Court's earliest date possible.

15. The Non-Cash Collateral Secured Creditor whose liens and security interests cover equipment and machinery are adequately protected at this time and no actions are requested regarding such entities.

16. The Debtor has provided notice to all Non-Cash Collateral Secured Creditors if such creditor believes that it may have a security interest in cash collateral.

17. Without the immediate ability to use the cash collateral for an interim period, the Debtor cannot operate its business and will suffer the loss of employees, loss of revenue, and

probable termination of the business. A complete shutdown of the Debtor's businesses, even for a short period, would result in the loss of customers, further damaging the estate. Pursuant to Bankruptcy Rule 4001, the Debtor requests that the Court set an emergency hearing on the preliminary and interim use of cash collateral, and that at such emergency hearing, the Court authorize the Debtor's use of cash collateral consistent with the interim budget, in order to avoid immediate and irreparable harm to this estate pending a final hearing.

18. Furthermore, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a). The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve value in the estate.

19. The Debtor also requests a final hearing as soon as the Court's schedule permits in order to consider the Debtor's request for use of the cash collateral on an ongoing basis.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that this Court: (1) set an emergency preliminary hearing to consider the Debtor's interim use of Cash Collateral, (2) authorize the Debtor's use of Cash Collateral on an interim basis, (3) grant replacement liens and other rights to the Bank as adequate protection for the use of the Cash Collateral, if necessary, and (4) set a final hearing to consider the Debtor's ongoing use of Cash Collateral (and the granting of post-petition replacement liens, if necessary) during the pendency of this case and after hearing evidence, authorize the Debtor's use of cash collateral on an ongoing final basis.

DATED:      March 27, 2017

                                            Respectfully submitted,

                                            By:/s/ *Reese W. Baker*
                                               Reese W. Baker

TBA#01587700
courtdocs@bakerassociates.net
5151 Katy Freeway, Ste. 200
Houston, Texas 77007
713-869-9200
Fax 713-869-9100

*ATTORNEYS FOR MOTHERSHIP VENTURES, LLC*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served upon those entities listed below via the Court's ECF/PACER system and/or by email, fax or by telephone as shown by each creditor or party in interest on this the 27th day of March, 2017.

**U.S. Trustee**
United States Trustee
515 Rusk Street, Room 3516
Houston, Texas 77002
By ECF by the clerk of court

**Debtor**
Mothership Ventures, LLC
Joseph Treadway
1808 N. Shepherd
Houston, Texas 77008
By email

**By US Mail on March 27, 2017**

3217 Investments
3217 Montrose, Suite 200
Houston, TX 77006

Admiral Linen
3520 Center St.
Houston, TX 77007

Alan Hassenflu
4500 Bissonnet St., Suite 300
Bellaire, Texas 77401

Auto-Chlor
15845 Lee Road.
Houston, Texas 77032

Brandon Velek
1935 Skip Rock Street
Friendswood, Texas 77546

Clint Minchew
371 Royal Navigator
Montgomery, Texas 77316

David Latta
28534 East Benders Landing
Spring, TX 77386

Doris Hartis
7343 Lorna Rd.
Montgomery, TX 77316

ELD Investments

Euro-Mid, Inc.
1110 Seamist Dr.
Houston, TX 77008

First Vision Financial
5233 Bellaire Blvd.
Bellaire, TX 77401

Integrity Bank
4040 Washington Ave.
Houston, TX 77007

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA  19101-7346

ISI Commercial Refrigeration, LLC
P. O. Box 167

Jim Peterson
407 S. Friendswood Dr.
Friendswood, Texas 77546

Laborde Family Companies
Lafayette, Louisiana

Mason Loan
Moorehead loan

Prime Facility Services
6420 Richmond Ave #477
Houston, TX 77057

Richard Rothfelder

3739 Jardin St.
Houston, TX 77005

Roger Montemayor
404 Carriage Creek Lane
Friendswood, TX 77546

Scot Luther
407 S. Friendswood Dr.
Friendswood, Texas 77546

Texas State Comptroller
1919 N Loop West #510
Houston, TX 77008

Troy Derks
15803 Frio Springs
Cypress, TX 77429

Victory Lupe, GP LLC
3903-A Bellaire Blvd
Houston, Texas  77025

                                        */s/  Reese W. Baker*
                                        Reese W. Baker


Creditors and parties in interest to be served with motion and date and time for hearing upon court setting hearing and separate certificate of service to be filed upon date for hearing.

                                        */s/ Reese W. Baker*
                                        Reese W. Baker